FILED

MAY 02, 2013

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Estate of: | ) | No. 30799-9-III |
| RICHARD OBERDORFER, | ) | |
| | ) | |
| Deceased. | ) | |
| | ) | UNPUBLISHD OPINION |
| | ) | |
| | ) | |
| | ) | |

KORSMO, C.J. — Robin Merrill appeals a summary judgment ruling that denied

his claim for a share of an estate and imposed attorney fees against him. We reject his

argument that attorney fees can only be imposed under TEDRA[1] for bad faith litigation,

affirm the trial court's rulings, and award the estate its attorney fees on appeal.

FACTS

Mr. Merrill was married to Elizabeth Merrill, who died February 19, 2009. Her

will included a provision referencing an inheritance from her father, Richard Oberdorfer.

He, however, did not die until August 17, 2009, some six months after his daughter.

---

[1] Trust and Estate Dispute Resolution Act, chapter 11.96A RCW. *See* RCW
11.96A.900.

Mr. Oberdorfer's death triggered distribution of a trust[2] he had created with his second wife, Winifred, who died in 2002.[3] Elizabeth Merrill had been entitled to a 25 percent share of the trust. The trust provided, inter alia, that distribution would be made to the living beneficiaries upon the death of the last member of the couple.

Upon receiving a copy of the Oberdorfer will, counsel for Mr. Merrill believed that he still might have a claim for his late wife's share of the trust. He communicated that belief to counsel for the trust. Counsel for the trust, however, interpreted the language to mean that a beneficiary had to be alive at the time of distribution. Since Elizabeth had predeceased her father, her claim as a beneficiary had lapsed.

Counsel for Mr. Merrill demanded 25 percent of the trust proceeds as Elizabeth's share and threatened to bring a TEDRA action; he also told the trustee not to distribute Elizabeth's share of the trust at the risk of being sued for violation of fiduciary duties. The estate declined a request to mediate. Mr. Merrill alleges that he learned of a "no-contest" clause at this point and declined to pursue the matter further. However, he did not communicate that position to the trust.

---

[2] There were two trusts created in the same document, but they will be treated as one for purposes of this opinion.

[3] Winifred was Elizabeth Merrill's stepmother.

The trust filed a TEDRA petition in superior court to determine the beneficiaries. Mr. Merrill, individually and as administrator of Elizabeth's estate (hereafter Mr. Merrill), answered the petition and sought Elizabeth's share of the trust. Eventually, both parties moved for summary judgment based on their respective interpretations of the trust's provisions. The trial court denied Mr. Merrill's motion and granted the trust's motion. The trial court also granted the trust its attorney fees.

After his motion for reconsideration was denied, Mr. Merrill appealed to this court.

## ANALYSIS

The issues in this appeal involve the attorney fees award; there is no challenge to the trial court's determination that Elizabeth Merrill's interest in the trust lapsed due to her death. Mr. Merrill contends primarily that attorney fees can only be awarded under TEDRA when a party litigates in bad faith. He also challenges the trial court's failure to enter findings in support of the fees award. Both parties ask for attorney fees in this action. The matters will be addressed in the stated order.

*TEDRA and Bad Faith*

Relying upon language in an opinion from Division Two of this court, Mr. Merrill argues that attorney fees can only be awarded under TEDRA for bad faith litigation. We do not agree with his interpretation of that case.

3

RCW 11.96A.150(1) provides in part that

> [t]he court may order the costs, including reasonable attorneys' fees, to be paid in such amount and in such manner as the court determines to be equitable. In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved.

The statute squarely recognizes that trial judges have discretion in their authority to act equitably. Accordingly, the appellate courts consistently have reviewed TEDRA attorney fee awards under the abuse of discretion standard. *See, e.g., In re Guardianship of Lamb*, 173 Wn.2d 173, 198, 265 P.3d 876 (2011) (noting that "[t]he express language of RCW 11.96A.150 leaves attorney fee awards in cases resolving guardianship disputes to the court's discretion. The statute allows a court considering a fee award to consider any relevant factor"); *In re Estate of Black*, 153 Wn.2d 152, 173, 102 P.3d 796 (2004); *In re Wash. Builders Benefit Trust*, ___ Wn. App. ___, 293 P.3d 1206, 1232 (2013); *In re Estate of Fitzgerald*, 172 Wn. App. 437, 453-54, 294 P.3d 720 (2012); *In re Guardianship of Matthews*, 156 Wn. App. 201, 212, 232 P.3d 1140 (2010); *Gillespie v. Seattle-First Nat'l Bank*, 70 Wn. App. 150, 178, 855 P.2d 680 (1993) (predecessor statute).

Mr. Merrill bases his argument upon language from *In re Guardianship of McKean*, 136 Wn. App. 906, 151 P.3d 223 (2007). There a guardian was appointed to protect the assets of two minor daughters during a dissolution proceeding after it was

4

discovered that the father, mother, and the trustee of a trust for the daughters had transferred assets for the father and mother's benefit, and the father had prevented recovery of assets. After the guardian identified and marshaled the daughters' assets, the trial court ordered the father to pay the guardian's attorney fees of $14,382.34. *Id.* at 919. The father appealed this award on the basis that the trial court had abused its discretion.

Division Two initially noted that the trial court had authority to apportion fees and costs to the father as a party to the proceedings. *Id.* at 919-20. The court then went on to state:

> Although [the father's] deceptive manipulation of his children's assets would support an order requiring him to pay some or all of the fees and costs, the court did not enter such a finding. *See* RCW 11.96A.150(1) (the court may order fees and costs "in such manner as the court determines to be equitable"). Instead, the court apparently ordered [the father] to pay because the guardianship could not. But the simple ability to pay does not provide an equitable basis for the award. *Rather, equity requires some finding of fault that in fairness requires a party to pay.* Here, the trial court should have considered allocating fees amongst those who created the need for the guardianship. *See, e.g., In re Estate of Jones,* 152 Wn.2d 1, 20-21, 93 P.3d 147 (2004) (personal representative/beneficiary of a will ordered to pay other beneficiaries' attorney fees personally "because the litigation was necessitated by his multiple breaches of fiduciary duty" to those beneficiaries); *see also Gillespie v. Seattle-First Nat'l Bank,* 70 Wn. App. 150, 177-78, 855 P.2d 680 (1993) (even absent bad faith or self-dealing, attorney fees equitably assessed against the trustee where, but for its breach of fiduciary duty, the beneficiaries would not have needed to incur the fees). And the record amply demonstrates that [the father, mother, and trustee] created the need for the guardianships.

*Id.* at 920 (emphasis added). The court vacated the attorney fee award and ordered remand for the trial court to consider how the guardian and attorney fees should be apportioned among those whose conduct created the need for the guardianships. *Id.* at 921.

Although *McKean* appears to require a finding of fault before equitable attorney fees may be assessed under RCW 11.96A.150, we believe Mr. Merrill overstates the reach of that opinion. First, no other Washington case has recognized such a rule as a threshold requirement for awarding fees under TEDRA. As noted previously, the statute recognizes trial court discretion in this area and all other appellate cases simply apply an abuse of discretion standard of review without imposing requirements on the trial court's use of its statutory discretion. Second, the cases cited in *McKean* that recognize fault plays a role in supporting an attorney fees award do not themselves require a finding of fault before making an award. *Jones*, 152 Wn.2d at 20-21 (noting abuse of fiduciary duties); *Gillespie*, 70 Wn. App. at 178 (bad faith or self-dealing not required for award of attorney fees under former RCW 11.96.140, the forerunner of current RCW 11.96A.150, but breach of fiduciary duty was tenable basis for attorney fee award).

Mr. Merrill reads *McKean* out of its context. There the court ruled that the trial court abused its discretion by awarding attorney fees on the basis of ability to pay. Instead, noting that fault had been a tenable basis for awarding fees in the past, and that

6

there was plenty of fault in the *McKean* record, the court remanded for apportionment of fees in accordance with the fault of the parties. 136 Wn. App. at 920. The court simply substituted a tenable basis for awarding fees for an untenable one.

Even if *McKean* had required trial courts to apply a fault standard, it would not save appellant here. *McKean*, as with the cases cited therein, considered "fault" as a form of causation—i.e., would this litigation have been necessary but for the actions of the other party. It did not apply the concept of fault as solely some type of moral wrong or violation of an obligation, although that behavior was established in *McKean*. It was because the parents caused the need for the guardianship that the costs of that action were appropriately assessed against them. *Id.* Applying that same rationale here, the appellant caused this litigation by threatening to sue if the trust was not distributed in accordance with Mr. Merrill's interpretation of the trust language. The trustees were left in a difficult position—it was time to distribute the res, but the identity of the beneficiaries was in doubt and a cloud of litigation was on the horizon. Mr. Merrill never communicated a change of heart. It was reasonable for the trustees to file this action.

Once this action commenced, Mr. Merrill answered and asserted his late wife's claim to a share of the proceeds. The matter proceeded to mediation and then summary judgment. Appellant brought about the filing of this litigation and then contested his

claims. But for those actions, this matter would have resolved quietly and with little cost to the trust.

The trial court did not abuse its discretion in awarding fees against Mr. Merrill to the trust.

*Missing Findings*

Mr. Merrill also argues that the trial court erred by not entering written findings in support of the attorney fees award. Although required, the failure to enter findings is of no consequence in this appeal because appellant does not contest the reasonableness of the fees awarded.

A trial court must sufficiently explain the basis for its fee award to permit appellate review. *Mahler v. Szucs*, 135 Wn.2d 398, 435, 957 P.2d 632, 966 P.2d 305 (1998). Generally, when a party challenges the calculation or amount of a fee award, "the absence of an adequate record upon which to review a fee award will result in a remand of the award to the trial court to develop such a record." *Id.* The trial court must enter findings of fact and conclusions of law in support of an award of attorney fees. *Id.*

The purpose of findings is to alert the appellate court to the basis for the amount of fees awarded by the trial court. *Id.* That purpose is satisfied in this case without need to resort to written findings since Mr. Merrill does not challenge the reasonableness of the

8

amount of fees awarded.[4] In this circumstance, there is no purpose in remanding for entry of written findings at additional expense to the parties. The record reflects that the trial court considered the appropriate factors and adjusted the request. The amount of the award is not at issue and further explanation is unnecessary.

The absence of written findings is not fatal to the court's award.

*Attorney Fees on Appeal*

Finally, both parties seek attorney fees for this appeal. This court has discretion to award attorney fees on appeal under TEDRA. RCW 11.96A.150(1) (first sentence). In light of our decision, Mr. Merrill is not a prevailing party and we decline to award him his fees.

The estate has prevailed in this action. Although Mr. Merrill pursued this appeal in good faith, we believe it is appropriate to award respondents their fees for their defense of this action.

The judgment is affirmed. Respondents are entitled to their attorney fees in this action.

---

[4] The briefing does not challenge the court's computation or the reasonableness of the award. Counsel for appellant confirmed at oral argument that the amount awarded is not at issue in this appeal.

No. 30799-9-III
In re Estate of Oberdorfer

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____
Brown, J.

_____
Kulik, J.

10